**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

JREAM DAVID BOYER,

             Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES, LLC,

             Defendant.

Civil Action No. 25-1108-GBW

## MEMORANDUM ORDER

Plaintiff Jream David Boyer ("Plaintiff") commenced this action on September 4, 2025. (D.I. 2). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I. BACKGROUND

On September 4, 2025, Plaintiff initiated the present action against Defendant Equifax Information Services, LLC ("Equifax" or "Defendant"), alleging violations of the Fair Credit Reporting Act (15 U.S.C. § 1681) and the Fair Debt Collection Practices Act (15 U.S.C. § 1692). (D.I. 2 at 2). Plaintiff also brings a claim for negligence and willful noncompliance. (*Id.*).

Plaintiff's claims are based on "inaccurate and unverifiable information in his Equifax credit file" which Plaintiff disputed "on multiple occasions." (D.I. 2 at 1). Once the inaccuracies were brought to Defendant's attention, Defendant supplied Plaintiff with only generic responses that "failed to reflect any meaningful reinvestigation." (*Id.*). As a result, the alleged inaccuracies were reported to multiple lenders, including NetCredit, OneMain Financial, and DreamSpring, all

of which denied Plaintiff's loan requests. (*Id.* at 2; *see also* D.I. 2, Ex. A (providing the date and reference numbers for Plaintiff's denied credit application at the three aforementioned lenders)).

## II.   LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions).

The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an " 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per

curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.   DISCUSSION

Plaintiff attempts to bring three classes of claims under (1) the Fair Credit Reporting Act ("FCRA") (Counts I-III), (2) the Fair Debt Collection Practice Act ("FDCPA") (Counts IV & V), and (3) state law negligence (Count VI). (D.I. 2 at 2). The Court discusses each in turn.

### A.   Plaintiff's FCRA Claims

Plaintiff attempts to bring claims under the FCRA. (D.I. 2 at 2). Specifically, Plaintiff brings claims under 15 U.S.C. §§ 1681i, 1681e(b), and 1681c-2. For the reasons stated below, all of Plaintiff's claims are insufficiently pled.

"To state a claim under the Fair Credit Reporting Act for failure to follow reasonable procedures or conduct a reasonable reinvestigation as required by 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff needs to plausibly allege that Plaintiff's credit reports contained inaccurate information." *Borges v. Trans Union, LLC*, C.A. No. 25-541 (JLH), 2025 WL 3628679, at *1 (D. Del. Dec. 15, 2025) (citing *Bibbs v. Trans Union LLC*, 43 F.4th 331, 344-45 (3d Cir. 2022)); *see*

*also Williams v. Experian Info. Sols., Inc.*, No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) ("In this case, an element of Williams's FCRA claims was the inclusion in his credit report of information that was 'inaccurate.' Williams's allegations on that point consist almost entirely of conclusory allegations that Experian included 'inaccurate' information in his report." (internal citation omitted)). In the Complaint, Plaintiff does not identify what information included in his credit report was allegedly inaccurate. (*See generally* D.I. 2 (only including vague assertions of "inaccurate and unverifiable information" but not identifying what information was inaccurate on Plaintiff's credit report(s))). Because Plaintiff failed to identify the allegedly false information included in his credit report(s), the Complaint fails to state a claim for relief for Plaintiff's claims under 15 U.S.C. §§ 1681e(b) and 1681i. *Regina the First for Guyton v. Equifax Info. Servs., LLC*, No. 18-CV-2534, 2018 WL 3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint at screening where plaintiff "failed to set forth facts regarding what inaccurate information she believes was included in her credit report," but instead relied "upon insufficient conclusory allegations."). Thus, Plaintiff's §§ 1681e(b) and 1681i claims are dismissed.

Plaintiff's claim under 15 U.S.C. § 1681c-2 is likewise insufficiently pled. "Section 1681c-2(a) provides a mechanism for consumers to obtain a block of 'information result[ing] from an alleged identity theft.'" *Berry v. Early Warning Servs., LLC*, No. 25-4638, 2026 WL 1182024, at *3 (E.D. Pa. Apr. 30, 2026) (quoting 15 U.S.C. § 1681c-2(a)). Specifically, 15 U.S.C. § 1681c-2 requires that consumer reporting agencies:

> [B]lock the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of – (1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and, (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

15 U.S.C. § 1681c-2(a).  Plaintiff fails to allege that he complied with the above statutory requirements, nor does Plaintiff allege that any false information on his credit report was the result of an identity theft.  Thus, the Complaint fails to state a claim for relief as to Plaintiff's 15 U.S.C. § 1681c-2 claim.  *Berry*, 2026 WL 1182024, at *3 (dismissing § 1681c-2 claim when plaintiff (1) did not provide "factual assertions in the complaint to support his compliance with the requirements of § 1681c-2(a), . . . [(2)] did not aver that he provided appropriate proof of his identity," and (3) "did not plead sufficient facts to show any identity theft.").  Plaintiff's 15 U.S.C. § 1681c-2 claim is therefore dismissed.

At the current stage, the Court does not find that amendment would be futile for Plaintiff's FCRA claims.  Thus, Plaintiff will be granted leave to amend to cure the deficiencies in his pleading for his FRCA claims.  Any amended complaint attempting to bring claims under 15 U.S.C. §§ 1681e(b) and 1681i "must contain sufficient factual allegations for the Court to assess the plausibility of any contention that [his] credit reports contained inaccurate information." *Borges*, 2025 WL 3628679, at *2.  Likewise, any amended complaint attempting to bring claims under 15 U.S.C. § 1681c-2 must set forth sufficient factual allegations for the Court to assess the plausibility of any contention that Plaintiff was the victim of an identity theft and that Plaintiff complied with the proper procedure to alert Defendant of the inaccurate information.

## B.    Plaintiff's FDCPA Claims

Plaintiff next attempts to bring claims under the FDCPA.  (D.I. 2 at 2).  The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005) (citation omitted).  "[I]t is well-settled that a credit reporting agency such as Equifax is not a 'debt collector' under the FDCPA . . . ." *Goldsmith v. Equifax Info. Servs., LLC*, No. 25-

CV-7429, 2026 WL 777065, at *1 n.1 (E.D. Pa. Mar. 18, 2026) (citing *Witt v. U.S. Dep't of Educ.*, No. 23-562, 2024 WL 889250, at *6 (D. Conn. Jan. 23, 2024) (collecting cases), *report and recommendation adopted*, (D. Conn. Feb. 15, 2024)). Thus, Plaintiff's claims under the FDCPA are dismissed. Furthermore, because Plaintiff is unable to aver facts plausibly alleging that Defendant is a "debt collector" for purposes of the FDCPA, the Court finds amendment to be futile and Plaintiff's claims under the FDCPA are dismissed with prejudice.

### C.      Plaintiff's Negligence/Willful Noncompliance Claim

Plaintiff next attempts to bring a negligence/willful noncompliance claim against Defendant. (D.I. 2 at 2). However, "[u]nder [15 U.S.C.] § 1681h(e), state law claims 'in the nature of defamation, invasion of privacy, or negligence are barred unless the plaintiff proves 'malice or willful intent to injure.'" *Williams v. Experian Info. Sols., Inc.*, No. CV 24-2519, 2025 WL 714363, at *6 (E.D. Pa. Mar. 4, 2025). "In other words, unless a plaintiff alleges willfulness in pursuing its common law claims, the FCRA provides the exclusive remedy." *Shannon v. Equifax Info. Servs., LLC*, 764 F. Supp. 2d 714, 727 (E.D. Pa. 2011). Furthermore, "a plaintiff cannot allege willful negligence." *Id.* (citing *Johnson v. Citimortgage, Inc.*, 351 F.Supp.2d 1368, 1379-80 (N.D.Ga. 2004)). Plaintiff does not allege any conduct by Defendant supporting an inference of willfulness, nor does Plaintiff allege any conduct distinct from its FCRA or FDCPA claims. (*See* D.I. 2). Thus, Plaintiff's negligence/willful noncompliance claim is dismissed. At the current stage, the Court does not find that amendment would be futile for Plaintiff's negligence/willful noncompliance claim. Thus, Plaintiff will be granted leave to amend to cure the deficiencies in his pleading for his negligence/willful noncompliance claim.

### IV.      CONCLUSION

For the reasons sated above, Plaintiff's Complaint (D.I. 2) is DISMISSED.

*     *     *

Wherefore, at Wilmington this 2nd day of June 2026, IT IS **HEREBY ORDERED** that:

1.   Plaintiff's FCRA Claims (Counts I-III) are **DISMISSED WITHOUT PREJUDICE**.

2.   Plaintiff's FDCPA Claims (Counts IV & V) are **DISMISSED WITH PREJUDICE**.

3.   Plaintiff's Negligence/Willful Noncompliance Claim (Count VI) is **DISMISSED WITHOUT PREJUDICE**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE